UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,                    CR. NO.  24-20150

          v.
                                                  HON. GERSHWIN A. DRAIN

JOHN SCOTT,

                    Defendant.

_____/

**SENTENCING MEMORANDUM**

Defendant John Scott will be sentenced on November 20, 2024, having entered a guilty plea to one count of transporting illegal aliens.  His advisory sentencing guideline range is six to 12 months.  See, Presentence Investigation Report ("PSR"), ¶ 57. Mr. Scott has been on pretrial release since August 7, 2023, and has fully complied with the conditions of supervision.  He is gainfully employed and as described below, resides with his mother in order to provide her with the assistance she requires daily. For the reasons set forth in 18 U.S.C. §3553(a), a sentence of probation is appropriate in this case.

I.     **Mr. Scott's Background**

The PSR thoroughly explores Mr. Scott's history and characteristics.  Currently 37 years old, he was born and raised in Detroit by his parents, alongside four siblings. His parents taught him the value of hard work and commitment to family.  Mr. Scott

1

moved in with his parents in 2016 to provide them with daily assistance as their health problems were increasing in severity.  See, PSR ¶ 34, 40.  His mother currently suffers from diabetes, seizures and hypertension.  She underwent a leg amputation procedure several years ago and her mobility continues to be impacted.  Sadly, Mr. Scott's father passed away in May 2024, a loss that has devastated the family.   Mr. Scott has a close relationship with his siblings, two of whom reside in the metropolitan Detroit area.

Mr. Scott graduated from high school in 2005 and has worked consistently since that time in a variety of industries.  See, PSR ¶ 51-53.  He has an entrepreneurial spirit and started his own company, "Cooking Solez", which involves buying, selling and trading athletic shoes.  ¶ 51.  He has steadily grown the business over the last five to six years, and currently earns around $3,500.  During slow periods he picks up additional work as an Uber or Lyft driver.  PSR ¶ 53.

## II.   The Offense Conduct

The instant offense occurred in May of 2023.  Initially, Mr. Scott had been contacted online by an individual, "momentocortez", who expressed an interest in purchasing several pairs of shoes.  The online conversation took place over the course of a few days, at which point "momentocortez" proposed that Mr. Scott provide transportation for his friends to a hotel in Roseville, Michigan.  Mr. Scott agreed, believing that he and "momentocortez" would then finalize the shoe sales at the hotel. While he was not paid in advance, Mr. Scott believed that "momentocortez" would pay him for the ride when they finalized the shoe sale.  Mr. Scott was provided an address

2

on Harsen's Island, an area with which he was completely unfamiliar, and told that "momentocortez's" friends would be there waiting.

On the evening of May 25, 2023, Mr. Scott and his friend set out to pick up the passengers. They took Mr. Scott's rental van – a vehicle he had rented for work several weeks prior. Mr. Scott brought along the shoes he believed were going to be purchased later that evening. Mr. Scott followed the directions provided by "momentocortez," and first picked up an individual from a hotel in Roseville, Michigan, and then proceeded to the car ferry to Harsen's Island. Once on Harsen's Island, Mr. Scott drove to the address provided and after receiving several messages from "momentocortez", he connected with intended passengers. They entered Mr. Scott's vehicle with no luggage and did not speak English. The vehicle was stopped a short time later by Border Patrol Agents. Mr. Scott was interviewed and provided a complete accounting of his conduct.

Mr. Scott did not set out to involve himself in any sort of criminal activity. That said, once he agreed to provide transportation for mementocorterz's "friends", he ignored the signs that became readily apparent indicating that something was amiss. The individuals he picked up did not speak English, had no baggage, and appeared completely unfamiliar with their surroundings. He deliberately ignored those signs and continued with the arrangement he made with "momentocortez."

3

## III.    Sentencing Considerations

The Probation Department scored the advisory sentencing guideline range as 6 to 12 months.  Mr. Scott agrees that the range calculated is correct.  Both statutory and guideline provisions allow for probation as a sentence in this case. PSR ¶¶ 61-63.

Mr. Scott has been on bond in this matter since August of 2023 without issue. He requests that the Court impose a noncustodial sentence.  Such a sentence will fulfill the § 3553(a) goals.

In terms of individual deterrence, Mr. Scott now stands convicted of a felony offense, which will have long-lasting impacts on his life.  This prosecution has impacted his life tremendously.  He has been subject to reporting and other pretrial release conditions for well over a year.  He has lived with the possibility of a custodial sentence, and the devastating impact that would have on his mother.  Mr. Scott realizes that the impact of this case and his conviction are a result of his actions, and the rash decision he made to make some extra money and complete a sale.

In terms of general deterrence, it is nearly impossible to evaluate the impact on an individual sentence on a community.  Even the Department of Justice recognizes that "The certainty of being caught is a vastly more powerful deterrent than the punishment."  National Institute of Justice, *Five Things About Deterrence* (Sept. 2014).[1] What this means is that the real fear or likelihood of being caught is preventative, not

---

[1] Available at https://nij.gov/five-things/Pages/deterrence.aspx.

what happens to someone else who is caught and subsequently punished.  Conversely, if an individual does not believe that he or she will be caught for an offense, they are more likely to commit that offense, without regard for the likely punishment.[2] Here, it is what he experienced, not what happens to a stranger who is caught and subsequently punished, that is serving the more powerful form of deterrence.

In terms of protecting the public, following his arrest, Mr. Scott cooperated with law enforcement, waived *Miranda*, spoke about his actions, including providing them access to his phone, and has maintained himself within the bounds of his bond restrictions.  Mr. Scott understands that his actions of transporting noncitizens that are unlawfully present may have posed a danger to society at large. It is not something that he will engage in at any point in his future.  His history, as described in the PSR, does not suggest that he poses a risk to the public.

Int terms of avoiding "unwarranted disparity," Counsel notes the similarity of Mr. Scott's case to another case in this district, *United States v. Socorro Palacios*, 23-20221. In that case, Judge Lina Parker imposed a probationary sentence of three years, but noted in the Judgment that the defendant could request early termination after two

---

[2] Valerie Wright, Ph.D.: *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment ,* The Sentencing Project, November 2010) (*available at* http://www.sentencingproject.org/wp-content/uploads/2016/01/Deterrence-in-Criminal-Justice.pdf).

years of successful compliance.  See, *United States v. Palacios*, 23-20221, Judgment, p.2

ECF No. 22, PageID.157.

**Conclusion**

Counsel requests that this Court sentence Mr. Scott to a noncustodial sentence.

Such a sentence will ensure that is subject to reporting and other conditions set by the

Court but will allow him to continue to work and care for his mother.  Given the

circumstances of this offense, and the characteristics of Mr. Scott as an offender, a

noncustodial sentence is the appropriate outcome under 18 U.S.C. § 3553(a).

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**

s/ Nancy McGunn
613 Abbott Street, Suite 500
Detroit, Michigan 48226
313-967-5846
E-mail: nancy_mcgunn@fd.org
P55156

Date:  November 15, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send notification of
such filing to opposing counsel of record.

s/ Jennifer Mellas

6